UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | | |
|---|---|---|
| JOHN FREEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 4:07-CV-6-JVB-APR |
| | ) | |
| ROBERT GUY, in his individual | ) | |
| capacity, and CITY OF MONTICELLO, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM, OPINION, & ORDER**

This matter is before the Court on the Motion to Dismiss Amended Complaint [DE 33] filed by Defendant Robert Guy on June 1, 2007 and the Motion to Dismiss and for Final Judgment [DE 42] filed on July 10, 2007 by Defendant City of Monticello.  The issues have been fully briefed.  For the reasons set forth below both motions are GRANTED.

I. Factual and Procedural Background

Plaintiff John Freeman, through his counsel, filed this cause of action on January 25, 2007, naming as Defendants Robert Guy[1] ("Prosecutor Guy"), individually and in his official capacity, and the Monticello Police Department. [DE 1].  On March 28, 2007, the Monticello Police Department filed a Motion to Dismiss [DE 18].  Mr. Freeman filed an Amended Complaint on May 31, 2007, at which time the Monticello Police Department was dismissed and the City of Monticello ("Monticello") was added as a Defendant.  Mr. Freeman also named Prosecutor Guy as a Defendant only in his individual capacity.  Thereafter, Prosecutor Guy and Monticello filed motions to dismiss. [DE 33 and 42].

Mr. Freeman alleges that the Defendants deliberately and unlawfully charged him with

---

[1] Robert Guy is the prosecuting attorney in White County, Indiana.

several crimes in violation of 42 U.S.C. § 1983. According to Mr. Freeman, Prosecutor Guy engaged in a "reckless prosecutorial campaign against Mr. Freeman over ten (10) years which resulted in (13) arrests. Of these thirteen (13) arrests, Mr. Freeman was found guilty of only one (1) charge." Amended Complaint at ¶ 2. According to Mr. Freeman, the charges ranged from trespass on Freeman's own property to conversion of Freeman's own property. Mr. Freeman alleges that this case is linked to "political retaliation dating back to a Congressional run by Steve Buyer ("Mr. Buyer") in the early 1990s." Mr. Freeman contends that Mr. Buyer decided to run for Congress after counsel with Mr. Freeman and that the resulting campaign was successful. According to Mr. Freeman, Prosecutor Guy's father – Jack Guy – ran for Congress years earlier and lost to Jim Jontz ("Jontz") by one vote. Mr. Freeman states that instead of Mr. Buyer, Prosecutor Guy was supposed to be the candidate running against Jontz; purportedly, Prosecutor Guy was to "avenge his father's loss." Amended Complaint at ¶ 19. Instead, Mr. Buyer ran against and beat Jontz in that election. Mr. Freeman claims that since that time, there have been hard feelings toward him from Prosecutor Guy for speaking with Mr. Buyer regarding running for Congress.

Mr. Freeman further asserts that his Constitutional rights were violated when Prosecutor Guy and the Monticello Police Department, as a division of the City of Monticello, engaged in a conspiracy to unlawfully charge and convict Mr. Freeman, thus infringing Mr. Freeman's liberty rights. The specific charges and incidents in question are as follows:

- In October 1997, a Grand Jury indicted Mr. Freeman for criminal recklessness, pointing a firearm, criminal trespass, and intimidation. Amended Complaint at ¶ 27. The charges of criminal recklessness and intimidation were dismissed on or about November 1, 1998 and March 1, 1999, respectively. *Id*. at ¶ 32.

- On a date uncertain, Mr. Freeman was arrested for battery resulting in bodily injury due to an incident involving stolen buoys the day prior. Those charges were

   dropped on April 6, 1999. Amended Complaint at ¶¶ 33-34 and 36.

- In the Fall of 2003, Mr. Freeman filed an intimidation report against Prosecutor Guy with Monticello Police Department Officer Thad Miller but, according to Mr. Freeman, nothing was done. Amended Complaint at ¶¶ 37 and 42.

- In March of 2004, Mr. Freeman was charged with trespass and battery. According to Mr. Freeman, he was swimming laps at the Brandy Wine Hotel in Monticello, Indiana when a nine-year-old child jumped on his back injuring him; Mr. Freeman states that he pushed the child away and continued swimming laps. Amended Complaint at ¶¶ 43-45. He was found not guilty of battery on November 29, 2005, and the trespass charge was dismissed.

- In the Summer of 2004, Mr. Freeman was charged with criminal mischief and criminal recklessness. Amended Complaint at ¶ 64. Mr. Freeman contends that he was attacked by his neighbor, John Neil, on two separate occasions and that the attack by Mr. Neil was the basis for the criminal mischief and criminal recklessness charges. *Id.* at ¶¶ 63-64. Mr. Freeman entered into a diversion agreement on May 19, 2006 for these charges. *Id*. at ¶ 65.

- On a date uncertain, Mr. Freeman was charged with theft and receiving stolen property. Amended Complaint at ¶ 66. He asserts that this was based on another incident with his neighbor, Mr. Neil. Those charges were dismissed on January 20, 2006. *Id*. at ¶ 69.

Mr. Freeman alleges a violation of 42 U.S.C. § 1983 and argues that Prosecutor Guy's conduct and the conduct of the Monticello Police Department constitute a deprivation of his civil rights and that the Defendants acted under color of state law. He states that the arrests and charges were not based on probable cause, but that the Defendants worked together (e.g. conspired) to deprive him of his constitutionally protected rights.

II. <u>Standard of Review</u>

  Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, dismissal is appropriate if the complaint sets forth no viable cause of action upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Challenger v. Ironworkers Local No. 1*, 619 F.2d 645, 649 (7th Cir. 1980). In assessing the propriety of dismissal under Rule 12(b)(6), the Court must accept all well-pleaded

3

factual allegations in the complaint and the inferences reasonably drawn from them as true and in the light most favorable to the plaintiff. *Johnson v. Rivera*, 272 F.3d 519, 520 (7th Cir. 2001).

A complaint is not required to contain detailed factual allegations, and a plaintiff's claims are subject to dismissal only if it is clear that he can prove no set of facts consistent with the allegations in the complaint that would entitle him to relief. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007), abrogating in part *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The Court is not required to accept the plaintiff's legal conclusions. Pursuant to Rule 8(a)(2), a plaintiff must provide a ground to his entitlement to relief, which requires more than labels and conclusions. *Fries v. Helsper*, 146 F.3d 452, 456 (7th Cir. 1998), *cert. denied*, 525 U.S. 930 (1998). Dismissal of a complaint is appropriate only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Jefferson v. Ambroz*, 90 F.3d 1291, 1296-97 (7th Cir. 1996).

III. Discussion

Defendants Prosecutor Guy and City of Monticello have each filed motions to dismiss. Each motion will be addressed in turn.

A. Motion to Dismiss Amended Complaint [DE 33]

Prosecutor Guy filed a motion to dismiss Mr. Freeman's Amended Complaint on the basis that: (1) most of the claims are barred by the statute of limitations and (2) any remaining claims are barred by absolute prosecutorial immunity.

1. *Statute of Limitations*

Because there is no federal statute of limitations for actions filed pursuant to § 1983, the Court must apply the most appropriate state statute of limitations. *Bell v. City of Milwaukee*, 746 F.2d. 1205, 1229 (7th Cir. 1984). In *Wilson v. Garcia*, the Court stated that § 1983 claims are

considered as personal injury claims for purposes of determining the applicable state statute of limitations." 471 U.S. 261 (1985). "Indiana law requires that any action for injuries to the person or character must be commenced within two years after the cause of action accrues." *Doe v. Howe Military School*, 227 F.3d 981, 987 (7th Cir. 2000) (citing Ind. Code 34-11-2-4). *See also Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 894 (7th Cir. 2001) (stating that the two-year statute of limitations applies to "all causes of action brought in Indiana under 42 U.S.C. § 1983); *Tregenza v. Great American Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993), *cert. denied*, 511 U.S. 1085 (1994) (stating that while the statute of limitations is an affirmative defense, if a plaintiff "pleads facts that show his suit is time-barred or otherwise without merit, he has pleaded himself out of court."). Moreover, "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace v. Kato*, 127 S.Ct. 1091, 1100 (2007). Accordingly, in Indiana, the fact of the indictment constitutes the necessary lawful authority which triggers the statute of limitations.

 Prosecutor Guy contends that paragraphs 21-32, 37-42, and 56-62 of the Amended Complaint should be dismissed because they are beyond the statute of limitations applicable to this case. Mr. Freeman responds only that the claims in paragraphs 44-56, 64-66, and 67-70 are not barred by the statute of limitations. Because he does not respond to Prosecutor Guy's motion to dismiss paragraphs 21-32, Mr. Freeman concedes that paragraphs 21-32, 37-42, and 56-62 are barred by the applicable statute of limitations and should be dismissed. Prosecutor Guy concedes that the allegations contained in paragraphs 44-56, 64-66, and 67-70 should not be dismissed as against him on the basis of the statute of limitations. Rather, Prosecutor Guy contends that those

5

paragraphs should be dismissed on other grounds (e.g. prosecutorial immunity).

Paragraphs 21-32 of the Amended Complaint concern the October 1997 charges of criminal recklessness, pointing a firearm, criminal trespass, and intimidation. Even though there is no date for the final resolution of the criminal recklessness and pointing a firearm charges, the criminal trespass and intimidation charges were dismissed on November 1, 1998 and March 1, 1999, respectively. Because a charge cannot be dismissed until it is filed, the Indictment was necessarily returned prior to March 1, 1999. As such, the Court finds that the charges in paragraphs 21-32 of the Amended Complaint are beyond the period of limitation and must be dismissed.

Paragraphs 37-42 of the Amended Complaint concern the Fall of 2003 incident in which Mr. Freeman asserts Prosecutor Guy visited a building owned by Mr. Freeman and allegedly threatened Mr. Freeman. Freeman stated that "Mr. Guy returned later in the afternoon and got into Mr. Freeman's face with two fingers and said, "I have gotten you before and I will get you again." Amended Complaint at ¶ 40. Mere words, however, are not actionable under 42 U.S.C. § 1983. *Paul v. Davis*, 424 U.S. 693, *reh. denied*, 425 U.S. 985 (1976). Moreover, even if mere words were actionable, because the events alleged in paragraphs 37-42 of the Amended Complaint occurred in the Fall of 2003, which is more than three years before this case was filed, they are beyond the applicable statute of limitations. As such, paragraphs 37-42 of the Amended Complaint are dismissed.

Paragraphs 56-62 of the Amended Complaint concern an incident in April of 2004, when Kandie Freeman (Mr. Freeman's wife), detected a burning smell in the laundry room of their house around noon. According to Mr. Freeman, his wife called the fire department, but specifically stated not to send the police; the police came anyway. Mr. Freeman stated, "Mrs. Freeman noticed that Mr. Soliday, an MPD police officer, had come through the house and outside the back."

6

Amended Complaint at ¶ 59.  Mr. Freeman contends that his wife asked Officer Soliday to leave but that Officer Soliday refused to leave and threatened Mrs. Freeman.  There are no allegations in paragraphs 56-62 of the Amended Complaint that mention Prosecutor Guy, and the events alleged in those paragraphs occurred beyond the period of limitations.  For these reasons, paragraphs 56-62 of the Amended Complaint are dismissed.

2.  *Prosecutorial Immunity*

Prosecutor Guy also seeks dismissal on the grounds of prosecutorial immunity.  According to Prosecutor Guy, a prosecutor is absolutely immune from civil liability based on performance of a prosecutorial function (e.g. initiating criminal charges or serving as an advocate in a judicial proceeding).  According to Prosecutor Guy, to the extent that the Amended Complaint alleges a conspiracy between Prosecutor Guy and the Monticello Police Department, Prosecutor Guy is absolutely immune under prosecutorial immunity.  Moreover, Prosecutor Guy denies that he engaged in a "conspiracy to unlawfully charge and convict" Mr. Freeman and denies that he [Prosecutor Guy] was the prosecutor in most of the matters referred to in the Amended Complaint.

Mr. Freeman, on the other hand, asserts that Prosecutor Guy, in his individual capacity, is not absolutely immune from liability.  Mr. Freeman seems to argue that Prosecutor Guy's actions were investigatory in nature rather than prosecutorial.  Mr. Freeman argues that any legal advice Prosecutor Guy gave to the Monticello Police Department throughout the course of the alleged conspiracy would not be protected by absolute immunity.  Mr. Freeman asserts that he does not have sufficient knowledge to precisely determine what legal advice was given to the Monticello Police Department because an answer had not been filed and no discovery had been conducted.

It is well established that a "state prosecuting attorney who acted within the scope of his duties in initiating and pursuing a criminal prosecution," *Imbler v. Pachtman*, 424 U.S. 409, 410

7

(1976), "is immune from a civil suit for damages under § 1983." *Id.* at 431.  This immunity applies even where the prosecutor acts maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence.*"  Henry v. Farmer City Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986).  *See also Burns v. Reed*, 500 U.S. 478 (1991) (prosecutor has absolute immunity for requesting an arrest warrant); *Shmueli v. City of New York*, 424 F.3d 231 (2d Cir. 2005) (prosecutor has absolute immunity to claim for malicious prosecution even if prosecution acted from improper motive in bringing the case).  Prosecutors, however, have only qualified immunity for investigative or administrative acts.  *Imbler*, 424 U.S. at 409.

To determine whether prosecutorial immunity applies, the Court must look to the "nature of the function" the prosecutor performed, because immunity attaches to the task, not the office.  *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993).  The official seeking to invoke prosecutorial immunity bears the burden of showing that such immunity is justified.  *Id*.

Here, the majority of the allegations against Prosecutor Guy in the Amended Complaint are for bringing charges against Mr. Freeman, which is a covered prosecutorial duty.  And while it is true that prosecutors are not immune for administrative or investigatory functions, Mr. Freeman has not identified an administrative or investigatory act committed by Prosecutor Guy *within* the statute of limitations; rather, the conduct Mr. Freeman attributes to Prosecutor Guy [that are within the applicable limitations period] constitutes conduct intimately associated with the judicial phase of the criminal process.[2]  *See Pena v. Mattox*, 84 F.3d 894, 897 (7th Cir. 1996) (prosecutorial immunity applies even if the prosecutor is alleged to have conspired with non-immune actors).

---

[2]The only allegations in the Amended Complaint which could possibly be construed as administrative or investigatory related to the alleged threats in 1997 and 2003.  As stated above, however, the Court has found that those acts are barred by the applicable statute of limitations.

Accordingly Prosecutor Guy is entitled to absolute prosecutorial immunity.

  B. <u>Motion to Dismiss and for Final Judgment [DE 42]</u>

  Defendant City of Monticello ("Monticello") filed a motion to dismiss on July 10, 2007, asserting that this cause of action should be dismissed for failure to state a claim upon which relief may be granted, pursuant to FED.R.CIV.P. 12(b)(6). As of the date of this Order, Mr. Freeman has not filed a response.[3]

  Monticello asserts that Mr. Freeman's claims of false arrest are barred by Indiana's two-year statute of limitations for personal injuries – the limitations period which applies to claims under 42 U.S.C. § 1983 – because all of the arrests alleged in the Amended Complaint occurred more than two years before the action was commenced. Alternatively, as to any false arrest claim that is not time-barred, Monticello argues that the Monticello Police Department officers cannot be held liable for executing arrest warrants procured by others. Monticello correctly asserts that no warrantless arrest is alleged by Mr. Freeman, and Mr. Freeman has not alleged that his constitutional injury was caused by a policy or custom of the City of Monticello.

  The Court incorporates the discussion above as it relates to the applicable limitations period. Mr. Freeman states in his Complaint that all of the arrests and charges occurred from 1997 to 2004. The Court has reviewed the incidents in question and finds that the only incident that is not time-barred under the two year statute of limitations is the charge of theft and receiving stolen property that was dismissed in January 2006. Amended Complaint ¶¶ 66-69. Mr. Freeman alleges

---

  [3]Mr. Freeman did file a response to the Motion to Dismiss [DE 18] filed by Defendant Monticello Police Department ("MPD") prior to Mr. Freeman's filing of an Amended Complaint. Even though the MPD's motion to dismiss became moot upon the filing of the Amended Complaint, the Court – in an abundance of caution – has reviewed Mr. Freeman's response [DE 28], as several of the same arguments are raised by the City of Monticello as were raised by the Monticello Police Department.

only that he was "charged and arrested by an MPD officer."  Amended Complaint ¶ 66.

In *Juriss v. McGowan*, 957 F.2d 345, 350 (7th Cir. 1992), the Seventh Circuit stated that, generally, "a person arrested pursuant to a facially valid warrant cannot prevail in a § 1983 suit for false arrest; this is so even if the arrest warrant is later determined to have an inadequate factual foundation."  The allegation here is that an unnamed officer of the Monticello Police Department arrested Mr. Freeman pursuant to an arrest warrant.  Mr. Freeman does not allege that the arresting officer was involved in procuring the charge or that the officer acted pursuant to municipal policy.

Under 42 U.S.C. § 1983, a municipality cannot be held liable solely on the grounds of respondeat superior. *Monell v. Dep't of Soc. Svcs.*, 436 U.S. 658, 691 (1978). However, the government as an entity is responsible "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts may fairly be said to represent official policy, inflicts the injury." *Id*. at 691. There must be a direct causal link between the alleged unconstitutional deprivation and the municipal policy or custom at issue. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989).  To state a § 1983 claim against a municipality, the complaint must allege that an official policy or custom caused the constitutional violation and was "the moving force" behind the violation.  *Estate of Sims v. County of Bureau*, 506 F.3d 509, 514 (7th Cir. 2007).  *See also Johnson v. City of Kankakee*, 2008 WL 186939, *3 (7th Cir. Jan. 22, 2007). Without an unconstitutional policy, there cannot be official capacity liability against a city.  *Sims*, 506 F.3d at 515 (citation omitted).  Because units of local government are responsible only for their own policies and not the misconduct of misbehaving employees, there is no respondeat superior liability for municipalities under § 1983. *Belcher v. Norton*, 497 F.3d 742, 754 (7th Cir. 2007).

In this case, Mr. Freeman makes no allegation either that the Monticello Police Department

10

officers acted pursuant to a policy or custom of the City of Monticello or that any of them had final policy-making authority for the City of Monticello. Mr. Freeman's Amended Complaint fails to allege a direct causal link between any such custom or policy and the alleged constitutional violators. Accordingly, the Amended Complaint states no claim upon which relief can be granted against the City of Monticello.

Finally, Monticello also asserts that Mr. Freeman's malicious prosecution theory is not actionable under 42 U.S.C. § 1983 as a violation of any constitutional right. In *Newsome v. McCabe*, 256 F.3d 747, 750-52 (7th Cir. 2001), the Seventh Circuit held that because there is no "constitutional right not to be prosecuted without probable cause," a plaintiff may not state a § 1983 claim by simply alleging that he was maliciously prosecuted. Instead, a plaintiff must allege the violation of one of his constitutional rights, such as the right to a fair trial. *Id*. Here, Mr. Freeman merely asserts that he was charged without probable cause and states that "most" of the prosecutions were terminated in his favor. Amended Complaint at ¶¶ 88-89. Based on the allegations in the Amended Complaint, recovery is not available under § 1983 for malicious prosecution.

IV. Conclusion

Based on the foregoing, the Court GRANTS both motions to dismiss [DE 33 and 42]. In particular, the Court finds:

(1) that the events alleged in ¶¶ 21-32, 37-42, and 56-62 of the Amended Complaint are time-barred by the statute of limitations and, as such, are DISMISSED;

(2) Prosecutor Guy is entitled to absolute prosecutorial immunity and that the Amended Complaint fails to state a claim against the City of Monticello. Accordingly, Mr. Freeman's claims against the City of Monticello and Prosecutor Guy are DISMISSED; and

(3) Mr. Freeman's claims for malicious prosecution brought pursuant to § 1983 are DISMISSED.

Accordingly, the Court dismisses this complaint.  The Clerk is directed to enter final judgment.

**SO ORDERED on February 26, 2008.**

s/ Joseph S. Van Bokkelen  
**JOSEPH S. VAN BOKKELEN**  
**UNITED STATES DISTRICT JUDGE**
